OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, without costs, and the case remitted to that court for entry of a judgment declaring that it was error for the trial court not to have conducted a preliminary inquiry before deciding to exclude petitioner’s reporter from the hearing.
In midtrial of a criminal action the trial court granted the defendant’s application for a separate hearing under People v Sandoval (34 NY2d 371) out of the presence of the jury to determine which, if any, of the defendant’s prior criminal acts would be admissible to impeach his credibility should he take the witness stand. Petitioner’s reporter sought permission to attend the hearing. Acting at the defendant’s instance the trial court summarily denied the request and held a closed hearing. It was error on the part of the trial court not to have conducted a preliminary inquiry in accordance with the procedural prescriptions set forth in Matter of Westchester Rockland Newspapers v Leggett (48 NY2d 430, 442; cf. Matter of Hearst Corp. v Clyne, 50 NY2d 707, 716).
It is true that the hearing in this instance was not part of the trial itself, nor was it conducted with respect to the admission of evidence on the issue of the defendant’s guilt *873 or innocence. Its purpose was to permit the Trial Judge to assess the risk of unfair prejudice to the defendant from the introduction of evidence of prior specific criminal, vicious or immoral acts against its probative worth as a measure of his credibility should he elect to testify in his own behalf. But, despite the possible prejudice to the defendant, it cannot be said as a matter of law that there is no genuine public interest in such a hearing, in view both of the significance of the rulings to be made and their impact on the decision of the defendant whether to take the witness stand. The procedures laid down in Leggett and Hearst should, therefore, have been followed and “all proceedings on the [defendant’s] motion, whether in open court or in camera, should [have been] recorded for appellate review” and “the reasons for closure [should have been] given in open court” (Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 442, supra).
Inasmuch as no such contemporaneous preliminary inquiry was held we do not reach or address the question whether petitioner’s reporter should have been permitted to attend the Sandoval hearing.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment reversed, without costs, and matter remitted to the Appellate Division, Third Department, for entry of a judgment in accordance with the memorandum herein.